> **DISTRICT COURT OF THE VIRGIN ISLANDS**
>
> **DIVISION OF ST. THOMAS AND ST. JOHN**

**UNITED STATES OF AMERICA,**

                **Plaintiff,**                **3:20-mj-00061**

     **v.**

**YAMINI POTTER**

                **Defendant.**

_____

**TO:**    **Matthew A. Campbell, Esq., FPD**
          **Alessandra Parisi Serano, Esq., AUSA**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Yamini Potter's Motion to Amend September 24th Order (ECF No. 22) and Motion to Vacate August 28th Order (ECF No. 24), the government's Opposition to Defendant's Motions to Amend the Sept. 24th Order and to Vacate the August 28th Order (ECF No. 26), and Potter's Reply re: Motions to Amend and Vacate (ECF No. 29).

### I.      BACKGROUND

On August 11, 2020, the government filed a criminal complaint against Potter for 80 counts of wire fraud, 2 counts of impersonating an officer of the United States, 1 count of obstruction of justice, 2 counts of acting in assumed character, and 1 count of grand larceny.[1] Soon after, the government moved for an emergency no-contact order because

---

[1] This criminal complaint is filed under case number 3:20-mj-00052 as ECF No. 1.

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 2

Potter contacted victims while posing as someone else in order to obtain funds.[2] On August

28, 2020, the Court granted the government's motion and prohibited Potter from

contacting, either directly or through other persons, any of the individuals named in the

criminal complaint.[3]

Nearly a month later, the government filed a second criminal complaint against

Potter for criminal contempt and obstruction of justice (ECF No. 1). The government then

moved to revoke Potter's communication privileges because he allegedly assumed the

identities of Virgin Islands Attorney General Denise George, U.S. Magistrate Judges Ruth

Miller and George W. Cannon, Jr., Former Lt. Gov. Osbert Potter, and former District Court

Judge Curtis Gomez, to obtain money from victims to fund a fictitious lawsuit (ECF No. 7).

On September 24, 2020, the Court continued the matter to October 5, 2020 to allow the

parties to fully brief the government's Motion to Revoke Defendant's Communication

Privileges (ECF No. 20), and restricted Potter "from using the prison's telephone or other

means of outside communication [, but allowed] communication with counsel only" (ECF

No. 18) in the interim period (i.e., interim order). Potter then moved to vacate this Court's

no-contact order imposed a month earlier (ECF No. 24), as well as to amend the Court's

interim order imposed on September 24, 2020 (ECF No. 22).

On October 5, 2020, this Court heard arguments on, *inter alia*, Potter's motion to

vacate the August 28th no-contact order and motion to amend the September 24th interim

---

[2] This motion for an emergency no-contact order is filed under case number 3:20-mj-00052 as ECF No. 14.
[3] This order granting an emergency no-contact order is filed under case number 3:20-mj-00052 as ECF No. 15.

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 3

order. After arguments from the government and Potter, the Court took the motions under

consideration.

## II.      THE PARTIES' POSITIONS

Potter moves to vacate this Court's August 28th no-contact order (ECF No. 24)

("motion to vacate"). Potter also moves to amend this Court's September 24th interim

order (ECF No. 22) ("motion to amend").[4]

In his motion to vacate, Potter asserts that the Court lacks personal and subject-

matter jurisdiction to impose conditions on his detention while under the custody of the

Bureau of Corrections (ECF No. 24 at 1). Potter also argues that per the rules of statutory

interpretation, including *inclusio unius est exclusio alterius*, the Court does not have

authority under 18 U.S.C. § 3142 to impose a no-contact order while he is detained. *Id*. at 3-

4. Potter adds that § 3142 grants the Court authority to impose conditions of release but

not conditions of detention. *Id*. at 4.

In his motion to amend, Potter asserts that the government has not met its burden

to demonstrate that the Court has jurisdiction over Potter and his conditions of detention

(ECF No. 22 at 2). Potter continues that the Court lacks personal jurisdiction over him and

the Bureau of Corrections because he is in local custody as opposed to in federal custody.

*Id*. at 4. Potter also asserts that the Court lacks subject-matter jurisdiction over him to issue

---

[4] For all intents and purposes, the Court will differentiate between "the August 28th no-contact order" and "the September 24th interim order," or use the phrase "no-contact orders" when referring to these types of orders in general.

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 4

the interim order because his detention is controlled by another sovereign (i.e., the

Superior Court of the Virgin Islands). *Id.* Potter seeks to support this point by detailing the

need to issue writs of habeas corpus *ad prosequendum* each time Potter appears before this

Court. *Id.* Lastly, Potter states that he does not know of authority holding that issuance of a

detainer confers personal and subject-matter jurisdiction upon the Court. *Id.* at 5.

The government opposes the motion to vacate and motion to amend in one brief

(ECF No. 26). The government asserts that although Potter is detained in local custody, the

Court does not lose its jurisdiction to impose reasonable orders on Potter. *Id.* at 3.[5] The

government also argues that whether the Court may issue orders under 18 U.S.C. § 3142

(i.e., the Bail Reform Act) is irrelevant because statutory authority exists elsewhere,

including under 18 U.S.C. § 3771 (i.e., the Crime Victims' Rights Act), 18 U.S.C. § 1514, and

28 U.S.C. § 1651 (i.e., the All Writs Act). *Id.* at 3-5.

Potter replies in one brief (ECF No. 29). Potter argues that since the government

differentiates him from the Bureau of Corrections when stating "versus BOC facility and

staff," it concedes that the Court cannot impose reasonable orders at this posture of the

case. *Id.* at 1-2. Potters adds that although the government argues that the federal

complaints and appointment of counsel confer jurisdiction on him, it does not assert that

those events confer jurisdiction over the Bureau of Corrections. *Id.* at 2.[6] Potter also argues

---

[5] The government further notes that when Potter was arrested following federal complaints and appointed counsel by this Court, he became subject to the jurisdiction of this Court whether he was in federal, state, or local custody or out on bond. *Id.* at 3.
[6] Potters continues that the Bureau of Corrections may disobey orders of this Court by allowing Potter to use

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 5

that the Crime Victims' Rights Act does not justify the no-contact order because the record

does not show that the alleged victims want a no-contact order imposed against him. *Id*.[7]

Lastly, Potter argues that the no-contact order cannot be justified as a valid

temporary restraining order under 18 U.S.C. 1514(a)(1) for three reasons. First, the

government does not move for a restraining order under § 1514(a)(1). Second, the

government does not show that the alleged victims suffer from harassment or emotional

distress. Third, the no-contact order prohibits more than harassment: it prohibits all

communication whether "the communication serves a legitimate purpose," "causes

substantial emotional distress," or "is part of a serious act or course of conduct." *Id*. at 4.

At the October 5, 2020 hearing, Potter argued that the Court's orders[8] would exceed

constitutional norms without some subject-matter limitation or narrow tailoring. *Audio*

*Transcript of Hearing*, October 5, 2020 at 9:50:10 to 9:51:03.

### III.    DISCUSSION

### A.  The Court Has Jurisdiction to Impose No-Contact Orders During Pretrial Detention

---

the phone to call—or write letters to—anyone, including to victims identified in the criminal complaints. *Id*. at 2.

[7] Potter concedes that 18 U.S.C. § 3771(d)(1) allows the government to assert the rights of victims, "[b]ut the name of the Act is 'The Crime Victims' Rights Act,' not the 'Government Rights Act.'" *Id*. at 2. Potter also adds that imposing a no-contact order without the wishes of the alleged victims violates 18 U.S.C. § 3771 (a)(8), guaranteeing victims "[t]he right to be treated with fairness and respect for the victim's dignity and privacy." *Id*. at 3

[8] Potter did not specify in this point of the hearing whether he referred to the August 28th no-contact order or the September 24th interim order, but the Court construes Potter's point as referring to no-contact orders in general.

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 6

As a preliminary matter, the Court must address whether it lacks jurisdiction to impose no-contact orders against Potter during pretrial detention (*see* ECF Nos. 22 at 4-5, 24 at 1, 26 at 3).

Courts may exercise their inherent authority to protect witnesses and victims, which stems from the "'indisputably… broad powers (of the trial judge) to ensure the orderly and expeditious progress of a trial.'" *Hicks v. State*, 377 P.3d 976, 979 (Alaska Ct. App. 2016) (citing *Wheeler v. United States*, 640 F.2d 1116, 1122-25 (9th Cir. 1981)) (quotation altered) (holding that the lower court had authority to issue no-contact orders during pretrial detention).[9] Courts must exercise this inherent authority within the bounds of constitutional and statutory law. *Id*. at 979.

When a statute neither grants nor denies courts the authority to issue no-contact orders during pretrial detention, courts may exercise their inherent authority to do so in order to protect victims and witnesses. *Id*. Nevertheless, courts may not interfere with decisions within the discretion of the Department of Corrections, including which facility to house an inmate; no-contact orders that constrain an inmate's conduct do not interfere with the discretion of the Department of Corrections. *Id*. These types of no-contact orders "fall[] squarely within the [inherent] authority of the courts." *Id*.

---

[9] Normally, this Court would not examine jurisprudence from state courts, but it finds *Hicks v. State* factually analogous. Also, *Hicks v. State* relies on Ninth Circuit caselaw, which makes it particularly persuasive. This Court relies on other factually analogous cases from state courts throughout its decision.

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 7

Here, the August 28th no-contact order prohibits Potter "from contacting, either

directly or through other persons, any of the individuals named" in the criminal

complaint.[10] The September 24th interim order restricts Potter "from using the prison's

public telephone or other means of outside communication [, but allows] communication

with counsel only" (ECF No. 18 at 1). The Court finds that the August 28th no-contact order

and the September 24th interim order constrain Potter's conduct, but do not impose an

order on the Bureau of Corrections.

The Court also finds that the relevant statute neither grants nor denies this Court

from imposing a no-contact order during pretrial detention. 18 U.S.C. § 3142 mandates that

the Court consider four orders to impose on the defendant before trial:

> [T]he person be—
> (1) released on personal recognizance or upon execution of an unsecured
> bond….
> (2) released on a condition or combination of conditions….
> (3) temporarily detained to permit revocation of a conditional release,
> deportation or exclusion…; or
> (4) detained under subsection (e)….

18 U.S.C. § 3142(a)(1)-(4) (2018). Subsection (e) details the fourth prong above:

> If, after a hearing pursuant to the provisions of subsection (f) of this section,
> the judicial officer finds that no condition or combination of conditions will
> reasonably assure the appearance of the person as required and the safety of
> any other person and the community, such judicial officer shall order the
> detention of the person before trial.

---

[10] This motion for an emergency no-contact order is filed under case number 3:20-mj-00052 as ECF No. 14 at
1.

18 U.S.C. § 3142(e). In Potter's recitation of the above subsections of § 3142, he argues that *inclusio unius est exclusion alterius* supports that the inclusion of conditions of release excludes conditions of detention (ECF No. 24 at 3). The Court does not entertain this argument because it finds that the statute neither grants nor denies it from imposing a no-contact order during pretrial detention.

The Court concludes that it has jurisdiction to impose a no-contact order on Potter during pretrial detention for two reasons. First, the August 28th no-contact order and the September 24th interim order constrain the conduct of Potter, so they do not interfere with the discretion of the Bureau of Corrections.[11] Second, 18 U.S.C. § 3142 neither grants nor denies this Court from imposing a no-contact order during pretrial detention. Accordingly, in this case, the Court's jurisdiction to impose no-contact orders to protect the victims alleged in the criminal complaint stems from the "'indisputably… broad powers (of the trial judge) to ensure the orderly and expeditious progress of a trial.'" *See Hicks*, 377 P.3d at 979.

Additionally, Potter asserts that this Court lacks jurisdiction to impose the September 24th interim order because he is in local custody and his detention is controlled by another sovereign (ECF No. 22 at 4). Potter adds that he does not know of authority holding that issuance of a detainer confers personal and subject-matter jurisdiction upon this Court. *Id* at 5. The Court will take a moment to explore this argument.

---

[11] On these facts, the Court finds that the August 28th no-contact order and the September 24th interim order do not interfere with the discretion of the Bureau of Corrections, so it will not entertain accompanying arguments (*see* ECF Nos. 22 at 4-5, 26 at 3, 29 at 1-2).

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 9

The primary custody doctrine (i.e., primary jurisdiction) "provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him." *Jones v. Meeks*, No. 13-233, 2016 U.S. Dist. LEXIS 41268, at *5-6 (W.D. Pa. Mar. 29, 2016), *aff'd sub nom. Jones v. Warden McKean FCI*, 714 Fed. App'x 166 (3d Cir. 2017). "Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole." *Id.* at 6. A temporary transfer of a defendant from local custody to federal custody under a writ of habeas corpus *ad prosequendum* does not relinquish the sovereign of primary custody. *See Biear v. Hollingsworth*, No. 13-3501, 2016 U.S. Dist. LEXIS 100879, at *13 (D. N.J. Aug. 2, 2016), *aff'd sub nom. Biear v. Warden Fort Dix FCI*, 679 Fed. App'x 93 (3d Cir. 2017). In other words, "[t]he receiving sovereign… is considered to be 'borrowing' the prisoner from the sending jurisdiction for the purposes of indicting, arraigning, trying, and/or sentencing him." *Jones*, 2016 U.S. Dist. LEXIS 41268, at *8. Even when a defendant is produced in federal court on a writ of habeas corpus *ad prosequendum*, he "'is not immune from prosecution by the other sovereign.'" *See Bayley v. Crosley*, No. 96-3101-RDR, 1997 U.S. Dist. LEXIS 12138, at *10 (D. Kan. July 7, 1997), *aff'd sub nom. Bayley v. True*, 145 F.3d 1345 (10th Cir. 1998) (citing *Hernandez v. U.S. Attorney General*, 689 F.2d 915, 919 (10th Cir. 1982)).

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 10

Here, Potter was transferred from local custody to federal custody on a writ of

habeas corpus *ad prosequendum*. Examining legal principles above, it is beyond cavil that

primary custody is vested in the Superior Court of the Virgin Islands, and Potter's transfer

to the District Court of the Virgin Islands does not relinquish the primary claim that local

custody has over Potter. At the core, however, the underlying issue is whether the Court

may issue orders, including no-contact orders, against Potter when he is transferred from

local custody to federal custody on a writ of habeas corpus *ad prosequendum*. A federal

court in Kentucky issued an order after a defendant appeared on a writ of habeas corpus *ad*

*prosequendum*, but in the sentencing context.[12] Nevertheless, Potter does not provide

authority answering in the affirmative or in the negative,[13] so the Court cannot proceed on

the merits of this issue.

Accordingly, the Court maintains that it has jurisdiction to impose no-contact orders

on Potter during pretrial detention for the reasons mentioned above.

---

[12] A federal court in Kentucky issued an order of no objection to "state and federal sentences running concurrently and to giving [the defendant] a *nunc pro tunc* designation so that the service of [his] federal sentence would commence [on a prior date]." *Fletcher v. AG of the United States*, No. 09-379-KKC, 2010 U.S. Dist. LEXIS 106984, at *4 (E.D. Ky. Oct. 5, 2010), *aff'd*, No. 10-6277, 2012 U.S. App. LEXIS 27158 (6th Cir. Oct. 31, 2012).  The federal court in Kentucky issued this order nearly a year before the state of Tennessee paroled the defendant into federal custody to serve his federal sentence. *Id*. at *4. Although this order by the federal court issued while the defendant appeared through a writ of habeas corpus *ad prosequendum* pertained to sentencing and not to a no-contact order, it shows that it is not uncommon for federal courts to enter orders even when a defendant is under the primary custody of another sovereign.
[13] Potter concedes that he does not know of authority stating that federal courts obtain personal and subject-matter jurisdiction after a detainer is issued related to federal complaints (ECF No. 22 at 5), but he does not provide authority that federal courts *cannot* issue orders related to its proceedings when defendants are transferred from local custody to federal custody pursuant to a writ of habeas corpus *ad prosequendum*.

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 11

### B. Persuasive Authority for Issuing No-Contact Orders During Pretrial Detention

After deciding the Court, in this case, has jurisdiction, it now extrapolates on persuasive authority for the issuing no-contact orders during pretrial detention.

Issuing no-contact orders during pretrial detention is not uncommon. A federal court in Maryland notes that a defendant violated a no-contact order after pretrial detention "by continuing to contact the victim." *United States v. Thompson*, No. 19-cr-00604-PWG-1, 2020 U.S. Dist. LEXIS 95775, at *7 (D. Md. Jun. 1, 2020). In issuing the no-contact order, the federal court in Maryland stated, "[t]he parties agree that a 'no contact' order is appropriate that will prohibit the defendant from contacting the victim or W-2....and [the defendant shall] not [] have any contact with the victim or W-2 in the interim."[14] *United States v. Thompson*, No. 19-cr-00604-PWG-1, Order (D. Md. Jan. 24, 2020). After the interim period of this order ended, the federal court in Maryland issued another order that the Defendant

> 'shall not contact (in person, by telephone, in writing, or by any other means, or through any other person), or attempt to contact' the victim or witnesses in this case and that a third party should be 'identified that the defendant can communicate with for the sole and limited purposes of receiving information concerning the health and wellbeing of his minor child.'

*United States v. Thompson*, No. 19-cr-00604-PWG-1, Correspondence re: Violations of the No Contact Orders (D. Md. May 29, 2020).

---

[14] The Court notes that the federal court in Maryland issued an interim order like the September 24 interim order.

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 12

The Court of Appeals of North Carolina has rejected the argument that no-contact

orders imposed as a condition of release do not apply during pretrial detention. *State v.*

*Mitchell*, 817 S.E.2d 455, 459 (N.C. Ct. App. 2018). In rejecting this argument, the court

found defendant's argument "deceptively simple and focused on the title of the Orders and

on the word 'release,' while ignoring the substance of the detailed provisions of the

Orders." *Id.* at 459. The no-contact orders at question were titled, "Conditions of Release

and Release Order," *id.*, and they stated, "NOT TO HAVE ANY CONTACT WITH [the victim]."

*Id.* at 461.

The Court found that it must "look to the entirety of an order when interpreting it

and focus on the content, rather than the title, of the order." *Id.* at 459.[15] The court also

found that a no-contact order "remains *in effect* during the entire prosecution…. whether

the defendant is held in a detention facility or released." *Id.* at 460. Aside from the provision

stating that the defendant "NOT HAVE ANY CONTACT WITH [the victim]," the Court,

looking at the entirety of the orders, decided that they "contain[] no additional language to

indicate this provision would only apply after defendant has met conditions of release and

was released." *Id.* It concluded that "the order[s] remains *in effect* until the charges are

disposed of, whether the defendant is committed or released." *Id.* In essence, the Court of

Appeals of North Carolina rejected the defendant's argument because it misplaced and

improperly elevated form over substance.

---

[15] *See also* 2A Sutherland Statutory Construction § 47:3 (7th ed. 2019) ("The title cannot control a statute's plain words").

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 13

The Superior Court of New Hampshire encountered the issue at question in our

matter of whether it may impose a no-contact order while a defendant remains

incarcerated pending charges. *State v. Ayoub*, No. 218-2017-CR-1636, 2018 WL 324996, at

*4 (N.H. Super. Jan. 5, 2018). The court found that "in appropriate cases [it] has the

inherent authority to protect the fact-finding process." *Id*. at 5 (citing *Hicks*, 377 P.3d at

980). As a policy matter, the court expounded that "[a] defendant should not be allowed to

avoid the consequences of his criminal conduct by exercising power and control over a

victim even from inside a jail cell." *Id*. The Court continued that to allow the defendant "to

manipulate his accuser so that she loses confidence or fears the consequences of following

through the prosecution would result in a grave injustice…. No one should be allowed to

undermine the State's case before it even reaches the jury." *Id*. The Court concluded that

because of, *inter alia*, the defendant's influence on the victim, his history of violence, and his

"manipulation of the telephone system at the jail [] despite a warning," the no-contact order

should apply "even before the defendant's release on bail." *Id*.

On the other hand, some courts have found that defendants cannot violate

conditions of release, including no-contact orders, while in pretrial detention. The Supreme

Court of Vermont found a violation of a no-contact order unenforceable while an inmate

remained in pretrial detention. *State v. Ashley*, 632 A.2d 1368, 1371 (Vt. 1993), *superseded

by statute*, 2003, No. 73 (Adj. Sess.), § 6, *as recognized in State v. Tavis*, 978 A.2d 465 (Vt.

2009). The court followed the approach that conditions of release apply when a defendant

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 14

is not in custody. *Id*. at 1371. In a similar vein, the Court of Appeals of New Mexico found

conditions of release inapplicable during pretrial detention because the purpose of

conditions of release is to place limitations on defendants while not in custody. *State v.*

*Romero*, 687 P.2d 96, 100 (N.M. Ct. App. 1984).

The Court of Appeals of Wisconsin decided that the lower court lacked statutory

authority to impose conditions of release, including no-contact orders, while a defendant

remained incarcerated pending trial. *State v. Orlik*, 595 N.W.2d 468, 475 (Wis. Ct. App.

1999).

This Court rejects decisions from Vermont, New Mexico, and Wisconsin because the

no-contact order issued by a federal court in Maryland and caselaw from North Carolina

and New Hampshire are persuasive. Finding that conditions of release do not apply while

Potter is in pretrial detention because he is not released would elevate form over

substance. As a policy matter, Potter's influence on the alleged victims in the criminal

complaint and his "manipulation of the telephone system at jail [] despite a warning"

warrant that no-contact orders should apply during his pretrial detention. *Ayoub*, 2018 WL

324996, at *5. This Court also finds that no-contact orders issued against Potter "remain *in*

*effect* until the charges are disposed of, whether [he] has been committed or released."

*Mitchell*, 817 S.E.2d at 460.[16]

---

[16] Since the Court finds that it has jurisdiction, and persuasive authority exists, to issue no-contact orders
enforceable during pretrial detention, it does not entertain alternative arguments whether the Court may
issue these orders under 18 U.S.C. § 3771 (i.e., the Crime Victims' Rights Act), 18 U.S.C. § 1514, and 28 U.S.C. §
1651 (i.e., the All Writs Act) (*see* ECF Nos. 26 at 3-5, 29 at 2-4).

*United States of America v. Yamini Potter*
3:20-mj-00061
Memorandum Opinion and Order
Page 15

### C.   The Constitutionality of Issuing the No-Contact Orders at Question

On October 5, 2020, Potter asserted that the Court would exceed constitutional

norms without subject matter limitation or narrow tailoring of its no-contact orders. *Audio*

*Transcript of Hearing*, October 5, 2020 at 9:50:10 to 9:51:03. This Court rejects this

argument for three reasons. First, Potter does not provide authority as to the constitutional

norms at threat. Second, the Court finds jurisdiction to issue no-contacts orders during

pretrial detention as part of its inherent authority to protect victims and witnesses. Third,

the Court finds merit in its decision to enter no-contact orders enforceable during pretrial

detention because of persuasive authority from a federal court in Maryland and courts in

North Carolina and New Hampshire.

WHEREFORE, it is now **ORDERED**:

Defendant's Motion to Amend September 24th Order (ECF No. 22) is **DENIED**.

Defendant's Motion to Vacate August 28th Order (ECF No. 24) is **DENIED**.

ENTER:

Dated: October 15, 2020                    /s/ George W. Cannon, Jr.
                                           GEORGE W. CANNON, JR.
                                           MAGISTRATE JUDGE